O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GEORGINA ANNE BROWN, STEVEN ) Case No. CV 12-04074 DDP (DTBx)
LEE BRANCH,                  )
                            )  **ORDER DISMISSING CASE FOR LACK OF**
              Plaintiffs,    )  **SUBJECT MATTER JURISDICTION**
                            )
        v.                  )
                            )
PROGRESSIVE WEST INSURANCE   )
COMPANY,                     )
                            )
              Defendant.     )
_____ )

On July 27, 2012, this court issued an Order requiring the parties to show cause why this action should not be dismissed for failure to satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. Each side has filed a brief in response. Having reviewed the parties' submissions, the court finds that it lacks subject matter jurisdiction, dismisses the action, and adopts the following Order.

Plaintiffs allege the following basic facts: Plaintiffs' car and its contents were destroyed by a fire. Plaintiffs therefore filed an insurance claim with Defendant, their insurance company. The parties disputed the amount of loss, so they engaged in an

1   arbitration as provided by the insurance policy.  The arbitrator
2   agreed with Plaintiffs and awarded them $9,250 as the amount of
3   loss.  Defendant paid this amount.  Plaintiffs then made a request
4   for the approximately two years of interest that had accumulated,
5   $1,954.94.  Defendant then paid this amount as well.

6        Plaintiffs allege, however, that Defendant has breached the
7   implied covenant of good faith and fair dealing, under California
8   state law.  Plaintiffs contend that Defendant's interpretation of
9   the insurance policy and handling of their claim was "unreasonable
10  and arbitrary and capricious."  Plaintiffs allege that they
11  suffered the following damages as a result: 1) they "were subjected
12  to more than one (1) year of delay and harassment"; 2) they
13  "sustained severe and enduring emotional distress from the way they
14  were treated"; and 3) they "were forced to engage the service of an
15  appraiser and seek legal counsel," which cost approximately $7,000.
16  Plaintiffs therefore seek compensatory damages for the emotional
17  distress, as well as punitive damages, attorney's fees, and costs
18  of suit.  Plaintiffs do not allege any specific damage amounts,
19  other than the $7,000 in arbitration and legal costs.

20       For diversity jurisdiction, the amount in controversy must
21  exceed "the sum or value of $75,000, exclusive of interest and
22  costs."  28 U.S.C. § 1332(a)(1).  The court finds that this
23  requirement is not met here.  In their brief, Plaintiffs contend
24  that their emotional distress: "resulted in plaintiffs being unable
25  to eat and enjoy meals as they previously had, to comfortably and
26  fitfully sleep as they previously had, and to happily interact with
27  others as they previously had and ultimately in [certain] cardiac
28  incidents."

1    An insurer's alleged bad faith in disputing the amount of

2  damages to a car does not typically lend itself to the level of

3  emotional distress that Plaintiffs claim.  Despite having been

4  ordered to address the amount in controversy requirement,

5  Plaintiffs have not provided any specific damage amounts - other

6  than the $7,000 - or sufficient details to convince the court that

7  the amount in controversy exceeds $75,000.

8    Accordingly, the court hereby DISMISSES this action.  The

9  court notes, however, that Plaintiffs may now file suit in state

10  court, and that any relevant statutes of limitation are likely

11  subject to equitable tolling for Plaintiffs' reasonable mistake in

12  filing in federal court.

13

14

15  IT IS SO ORDERED.

16

17

18  Dated: August 31, 2012

19                                    DEAN D. PREGERSON
                                      United States District Judge

20

21

22

23

24

25

26

27

28

                                    3