O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA ANNE BROWN, STEVEN LEE BRANCH, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE WEST INSURANCE COMPANY, <br><br> Defendant. | Case No. CV 12-04074 DDP (DTBx) <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 27, 2012, this court issued an Order requiring the parties to show cause why this action should not be dismissed for failure to satisfy the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. Each side has filed a brief in response. Having reviewed the parties' submissions, the court finds that it lacks subject matter jurisdiction, dismisses the action, and adopts the following Order.

Plaintiffs allege the following basic facts: Plaintiffs' car and its contents were destroyed by a fire. Plaintiffs therefore filed an insurance claim with Defendant, their insurance company. The parties disputed the amount of loss, so they engaged in an

arbitration as provided by the insurance policy.  The arbitrator agreed with Plaintiffs and awarded them $9,250 as the amount of loss.  Defendant paid this amount.  Plaintiffs then made a request for the approximately two years of interest that had accumulated, $1,954.94.  Defendant then paid this amount as well.

Plaintiffs allege, however, that Defendant has breached the implied covenant of good faith and fair dealing, under California state law.  Plaintiffs contend that Defendant's interpretation of the insurance policy and handling of their claim was "unreasonable and arbitrary and capricious."  Plaintiffs allege that they suffered the following damages as a result: 1) they "were subjected to more than one (1) year of delay and harassment"; 2) they "sustained severe and enduring emotional distress from the way they were treated"; and 3) they "were forced to engage the service of an appraiser and seek legal counsel," which cost approximately $7,000.  Plaintiffs therefore seek compensatory damages for the emotional distress, as well as punitive damages, attorney's fees, and costs of suit.  Plaintiffs do not allege any specific damage amounts, other than the $7,000 in arbitration and legal costs.

For diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  The court finds that this requirement is not met here.  In their brief, Plaintiffs contend that their emotional distress: "resulted in plaintiffs being unable to eat and enjoy meals as they previously had, to comfortably and fitfully sleep as they previously had, and to happily interact with others as they previously had and ultimately in [certain] cardiac incidents."

2

1    An insurer's alleged bad faith in disputing the amount of
2 damages to a car does not typically lend itself to the level of
3 emotional distress that Plaintiffs claim.  Despite having been
4 ordered to address the amount in controversy requirement,
5 Plaintiffs have not provided any specific damage amounts - other
6 than the $7,000 - or sufficient details to convince the court that
7 the amount in controversy exceeds $75,000.
8    Accordingly, the court hereby DISMISSES this action.  The
9 court notes, however, that Plaintiffs may now file suit in state
10 court, and that any relevant statutes of limitation are likely
11 subject to equitable tolling for Plaintiffs' reasonable mistake in
12 filing in federal court.

15 IT IS SO ORDERED.

18 Dated: August 31, 2012

DEAN D. PREGERSON
United States District Judge